**JS-6**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HADI MELHEM, | Case No. 5:21-cv-01745-MCS-SP |
| Plaintiff, | **ORDER GRANTING MOTION TO REMAND (ECF NO. 12)** |
| v. | |
| FCA US LLC, et al., | |
| Defendants. | |

Plaintiff Hadi Melhem moves to remand this case to the County of Riverside Superior Court. Mot., ECF No. 12-2. Defendant FCA US LLC opposes the motion, Opp'n, ECF No. 18, and Plaintiff filed a reply brief. Reply, ECF No. 22. The Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.

I.     **BACKGROUND**

This is a case brought under the Song-Beverly Consumer Warranty Act ("SBA"). Plaintiff bought a 2014 Jeep Grand Cherokee in January 2014. This vehicle exhibited defects. Defendant was unable to timely rectify the defects and refused to repurchase the vehicle or provide restitution. The Complaint seeks actual damages, restitution, rescission of the purchase contract, a civil penalty, consequential and incidental

1

damages, punitive damages,  reasonable attorneys' fees and costs, and other relief the Court may deem proper. Plaintiff also alleges total damages not less than $25,000.01. *See generally* Compl., Smith Decl. Ex. A, ECF No. 1-2..

Plaintiff initiated this proceeding in County of Riverside Superior Court, No. CVRI2101861, naming FCA and Browning Dodge Chrysler Jeep, the dealership, as Defendants. Asserting diversity jurisdiction, FCA removed the case after Melhem dismissed Borwing Dodge Chrysler Jeep, a nondiverse party. Notice of Removal, ECF No. 1.

## II.   LEGAL STANDARDS

### A.   Subject-Matter Jurisdiction

Federal courts are of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A defendant may remove a civil action in state court to federal court if the federal court has original jurisdiction. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction where an action arises under federal law or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000. *Id.* §§ 1331, 1332(a).

There is a "strong presumption" against removal jurisdiction, and the removing party bears the burden of proving that removal is proper. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.*

### B.   Amount in Controversy

To invoke diversity jurisdiction, a party must demonstrate there is complete diversity of citizenship between the parties and that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). "[W]here it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled," the removing defendant must establish by a preponderance of the evidence that the amount in controversy "more likely than not"

1   exceeds $75,000. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir.

2   2007); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

## III.   DISCUSSION

4        The parties dispute whether the amount in controversy exceeds the jurisdictional

5   threshold. The amount in controversy is not clear from the face of the Complaint:

6   Plaintiff expressly pleads for damages "not less than $25,0001.00," but the prayer for

7   relief does not indicate whether the total amount sought exceeds $75,000. Compl. ¶ 12,

8   Prayer for Relief. *Cf. Schneider v. Ford Motor Co.*, 441 F. Supp. 3d 909, 913 (N.D. Cal.

9   2020) ("[T]he Complaint alleges that Plaintiff suffered damages in a sum to be proven

10  at trial in an amount that is *not less than* $25,001.00. Hence, while Plaintiff seeks

11  restitution for the value of the car, civil penalties, and attorneys' fees and costs, it is

12  unclear whether all these damages are subsumed within the request for $25,001."

13  (internal quotation marks and citation omitted)). Thus, Defendant must show that the

14  amount in controversy more likely than not exceeds $75,000.

### A.   Actual Damages

16       Actual damages under the SBA are "equal to the actual price paid or payable by

17  the buyer," minus the reduction in value "directly attributable to use by the buyer." Cal.

18  Civ. Code § 1793.2(d)(2)(B)–(C). The reduction is based on miles driven before the

19  first attempted repair of the defect. *Id.*

20       Defendant submits actual damages are $27,828.70, the total cash price of the

21  vehicle stated in the installment sale contract. Opp'n 5; *see also* Shepardson Decl. Ex.

22  B, ECF No. 18-1. Defendant fails to meet its burden to show this calculation is

23  appropriate. As Plaintiff explains, Defendant has ignored the statutory mileage offset in

24  section 1793.2(d)(2). Reply 3. Defendant argues that the Court should not consider any

25  defenses in determining whether Defendant establishes the amount in controversy,

26  Opp'n 5–6, but the Court finds the cited authorities unpersuasive. *See D'Amico v. Ford

27  Motor Co.*, No. CV 20-2985-CJC (JCx), 2020 U.S. Dist. LEXIS 90921, at *6–7 (C.D.

28  Cal. May 21, 2020) (collecting remand decisions in which defendants failed to account

for mileage offset). Plaintiff alleges the vehicle had 62,397, 67,509, and 81,603 miles on the odometer at the various times Plaintiff brought the vehicle to a repair facility. Compl. ¶¶ 17–19. It is highly probable the mileage offset could dramatically change the actual damages calculation. Defendant fails to show by a preponderance of the evidence that no mileage offset provides the proper measure of actual damages. At best, Defendant's calculation of actual damages is speculative and self-serving.

### B.    Civil Penalties

Plaintiff may be entitled to a civil penalty no greater than twice the amount of actual damages only if Defendant's violations were willful. Cal. Civ. Code § 1794(c). However, in the jurisdictional analysis, "[t]he civil penalty . . . cannot simply be assumed"; instead, "the defendant must make some effort to justify the assumption." *D'Amico*, 2020 U.S. Dist. LEXIS 90921, at *8 (internal quotation marks omitted) (collecting cases). Courts do not include civil penalties in the jurisdictional analysis "unless the removing defendant makes some showing regarding the possibility of civil damages." *Savall v. FCA US LLC*, No. 21cv195 JM (KSC), 2021 U.S. Dist. LEXIS 81477, at *7–8 (S.D. Cal. Apr. 28, 2021) (collecting cases).

The Complaint alleges Plaintiff is entitled to a civil penalty. Compl. ¶¶ 135–36, 142, 145, 149. Defendant argues it "is not required to put forth evidence in support of an award for civil penalties," Opp'n 6, but this is not true. Defendant must put forth evidence demonstrating the amount in controversy is exceeded by a preponderance of the evidence. *Guglielmino*, 506 F.3d 699. Defendant also points to Plaintiff's allegations of willful conduct. Opp'n 7. But Defendant presents no evidence that a civil penalty is likely to be awarded in this case, let alone evidence justifying a maximum penalty. *See, e.g.*, *Savall*, 2021 U.S. Dist. LEXIS 81477, at *8 ("Other than referring to Plaintiff's allegation that FCA acted willfully, however, FCA provides no support for the likelihood that a civil penalty based on its willfulness would actually be awarded in this case, or that the full civil penalty would be awarded. . . . If such boilerplate allegations [in a complaint] were sufficient to defeat remand, then virtually any [SBA]

action involving a new vehicle purchase would remain in federal court."); *Chajon v. Ford Motor Co.*, No. 2:18-cv-10533-RGK (RAOx), 2019 U.S. Dist. LEXIS 4254, at *3–4 (C.D. Cal. Jan. 8, 2019) ("As to civil penalties, while authorized under the Song-Beverly Act, Defendants have not offered any evidence to support such an award.").

Even if Defendant could support its argument for a civil penalty with evidence, because Defendant fails to establish actual damages beyond speculation, it fails to show the proper measure of the civil penalty. *See Edwards v. Ford Motor Co.*, No. CV 16-05852 BRO (PLAx), 2016 U.S. Dist. LEXIS 153618, at *14 (C.D. Cal. Nov. 4, 2016) ("Defendant failed to establish the amount of actual damages at issue, which is necessary to determine the total civil penalty."); *cf. D'Amico*, 2020 U.S. Dist. LEXIS 90921, at *9 ("[T]here is no basis for concluding that the amount payable under the lease even roughly approximates Plaintiff's actual damages. There is equally little basis for concluding that a civil penalty of double that amount would be awarded.").

**C.    Fees**

"Section 1332(a)'s amount-in-controversy requirement excludes only 'interest and costs' and therefore includes attorneys' fees." *Guglielmino*, 506 F.3d at 700; *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 794 (9th Cir. 2018) ("[A] court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met.").

Defendant argues Plaintiff's request for fees should be considered in the calculation for the jurisdictional minimum. Defendant states these fees regularly approach $100,000. Notice of Removal ¶ 22; Shepardson Decl. ¶ 5, ECF No. 1-1. Neither Defendant nor its counsel provides an explanation substantiating why this case will generate fees in that amount. Defendant fails to provide probative evidence of the hours that will be reasonably expended in this case and thus leaves these damages entirely speculative. *Schneider*, 441 F. Supp. 3d at 914 (finding burden unmet where "Defendants fail to provide the Court with specific evidence showing the attorneys' fees *in this case* are 'more likely than not'" to bring the amount in controversy above the

jurisdictional threshold); *D'Amico*, 2020 U.S. Dist. LEXIS 90921, at *11 (finding burden unmet where defendant failed to "provide an estimate of the hours that will be incurred").

### D.     Punitive Damages

Defendant briefly references punitive damages as part of the calculations in its opposition and notice of removal, but it provides no evidence from which the Court may divine an estimate of punitive damages.

### E.     Summary

The amount in controversy is not clear from the face of the Complaint. Defendant fails to present evidence establishing beyond speculation that the amount in controversy exceeds $75,000. Accordingly, Defendant has not shown the Court has subject-matter jurisdiction over the case. Remand is appropriate. 28 U.S.C. § 1447(c).

### F.     Jurisdictional Discovery

Defendant requests jurisdictional discovery to elucidate the calculation of damages in this case. Opp'n 8–9. The Court denies this request. "Jurisdictional discovery is not mandatory, and Defendant's vague request is 'based on little more than a hunch that it might yield jurisdictionally relevant facts.'" *Young v. FCA US LLC*, No. 5:21-cv-00622-JLS-SHK, 2021 WL 5578723, at *3 (C.D. Cal. Nov. 30, 2021) (quoting *Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008)).

///

**IV.    CONCLUSION**

The Court grants the motion. The case is remanded to the County of Riverside Superior Court, No. CVRI2101861. The Court directs the Clerk to effect the remand and close the case.

**IT IS SO ORDERED.**

Dated: January 11, 2022

_____
MARK C. SCARSI
UNITED STATES DISTRICT JUDGE